UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHNNY RICHMOND, )<br>)<br>Defendant. )<br>) | CRIMINAL ACTION<br>NO. 09-10048-WGY |

YOUNG, D.J.                                            November 14, 2016

**ORDER**

Johnny Richmond ("Richmond") filed a petition under 28 U.S.C. § 2255 to vacate and correct his sentence pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), and this Court's ruling in Ramirez v. United States, No. 10-10008-WGY, 2016 WL 3014646 (D. Mass. May 24, 2016). Corrected Mot. Pursuant 28 U.S.C. § 2255, ECF No. 305. Specifically, Richmond argues that since applicable caselaw renders his categorization and sentencing as a career offender under the federal Sentencing Guidelines ("Guidelines") improper, his sentence ought be vacated. Id. at 8.

In sentencing Richmond, this Court considered two relevant prior convictions for assault and battery with a dangerous weapon. Id. at 3-4. Recently this Court has decided that, under Massachusetts law, assault and battery with a dangerous

weapon has both the required level of mens rea and the required level of force for a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") force clause. United States v. Charlie Webb, No. 01-10267-WGY, (D. Mass. November 9, 2016); United States v. Timothy Meadows, NO. 06-10251-WGY (D. Mass. November 9, 2016). Given the similar wording between the force clauses under the ACCA and under the Guidelines, this Court applies that rationale here. Ramirez, 2016 WL 3014646 at *3; United States v. Ramirez, 708 F.3d 295, 301 n. 4 (1st Cir. 2013). Under Massachusetts law, assault and battery with a dangerous weapon has both the required level of mens rea and the required level of force for a violent felony under the Guidelines force clause. Accordingly, Richmond still qualifies as a career offender under the Guidelines even after Johnson and Ramirez.

The Court, therefore, DENIES Richmond's petition to vacate and correct sentence under 28 U.S.C. § 2255. A certificate of appealability will issue.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE