```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

```
_____
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            v.                        )   CRIMINAL ACTION
                                      )   NO. 09-10048-WGY
JOHNNY RICHMOND,                      )
                                      )
            Defendant.                )
_____)
```

YOUNG, D.J.                                        March 1, 2023

### MEMORANDUM AND ORDER

After this Court had on May 19, 2022 considered and denied Johnny Richmond's ("Richmond") motion for compassionate release (ECF. Nos. 333 & 339), he moved for reconsideration on the ground that this Court ought apply Concepcion v. United States, 142 S. Ct. 2389 (2022), to the circumstances of his case.

The Court has carefully considered this new argument and rejects it. Richmond argues that, were he to be sentenced today, he could not -- as matter of law -- be considered a career offender and that his sentence ought be reduced accordingly. This argument rests on two premises.

The first is that Concepcion's holding, permitting district courts to consider intervening changes of law and fact in exercising their discretion to reduce sentences pursuant to First Step Act motions, also extends to motions for

1

compassionate release.  Compare United States v. Arriola-Perez, 2022 WL 2388418, at 2* (10th Cir. 2022) (a First Step Act case) with United States v. King, 40 F. 4th 594, 596 (7th Cir. 2022)(not a First Step Act case).  This is an interesting question.

Here, however, it is of no moment because the second premise, that Richmond is no longer a career offender is utterly without merit.  Richmond argues that after Johnson v. United States, 559 U.S. 133 (2010), the predicates for determining that his conviction of Assault and Battery With a Dangerous Weapon constitutes a crime of violence simply do not exist.  (ECF. No. 333 at 13).  This bold assertion is utterly without record support.  Indeed, the entire record strongly suggests that ample evidence existed properly to support the conclusion that he was (and is) a career offender.

Motion denied.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[1]

---

[1] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 45 years.